# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CR. NO. 07-004(CKK) |
| LADONNA N. GRAY | * |
| Defendant. | * |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Ladonna Gray, by and through her attorney, Joanne Roney Hepworth, respectfully submits the following points and authorities in addition to the Pre-sentence Report and the Memorandum in Aid of Sentencing of Government Counsel in support of our position that the most appropriate sentence in this case is a term of probation with a condition of restitution.

**Defendant's Character & Background**.

While the Pre-sentence Report and the Government's Memorandum fairly and accurately depict Ms. Gray's background, we would ask the Court to consider the following additional points, in deciding our request for a sentence of probation.

- Ladonna Gray 28 year old single mother of three children for whom she is the sole support emotionally, physically and economically.  She had her first child when she was just 14 years old.  She has managed to care for her children and keep her family together despite her age and economic challenges.
- Ms. Gray's history of relatively continuous employment since 1998 reflects her positive work ethic.  At her employment with U-Haul she was considered a reliable and consistent worker, prior to the unfortunate occurrence of the instant offense.  Due to the reporting requirements stated in the presentence report, Ms. Gray has given up her position at Giant Food.  Ms. Gray is currently pursuing employment which would not require access to money or credit information.
- Ms. Gray's grandmother, Iola Martin, reports that she has seen a marked change in Ladonna since her involvement in this matter,  Ms. Martin states that Ladonna has true remorse for what she did and is working very hard to care for her children  and obtain education and skilled training to advance through the working world.  Ms. Martin states that she is convinced that Ladonna will never do anything like this again.

- Ms. Gray is a devoted mother to her children. She began classes at Ballou Senior High School to get her High School Diploma, which she expects to obtain by October 2008. She is participation in the VMT Home to Work program to get started on a career path of her choice in order to become self-sustaining. Ms. Gray states that she has interest in auto mechanics or computer training.
- Ms. Gray does not use alcohol or illegal drugs. She is devoted to her children and is very involved in their care and development. All indications are that she is a good and conscientious mother.

**Involvement in the Offense**

Ms. Gray accepts full responsibility for her involvement in this offense. As stated in the Government's Memorandum, she was forthcoming about her involvement and cooperated in outlining the extent of the offense and all parties involved. Her use of the credit card numbers was to obtain money to help make ends meet after the breakup of her relationship. Ms. Gray understands the seriousness of this offense and has resolved never to do anything like it again. She is truly ashamed of her behavior and recognizes the nature of her mistakes and is taking steps to resolve her income deficiencies through education and skills training.

**Legal Sentencing Options**

The pre-sentence report accurately calculated the Total Offense Level as $6^1$ and, based on a criminal history category of 1, the guideline range for imprisonment is 0 to 6 months. The legal sentencing range is 0 to fifteen years. The Court can sentence the defendant to a period of probation. There is no statutory prohibition against probation in the instant case. The defendant is willing to make full restitution in the amount stated in the presentence report of $5,462.75.$^2$

**Defendant's Sentencing Request.**

Ms. Gray, through counsel, asks the Court to allow her to continue on the path to a gainfully employed responsible citizen and mother, on which she has embarked since committing the instant offense, by imposing a sentence of probation. This sentence is clearly appropriate after advisory consideration of: the U.S. Sentencing Guidelines; the pre-sentence report and the Memorandum in Aid of Sentencing of Government Counsel. The defendant's lack of criminal history, her responsibility for her three children and her efforts towards rehabilitation

---

[1] The defendant agrees with the Government Counsel's assessment that although the amount of loss stated by the victim is greater than that stated in the plea agreement it does not significantly change the guideline range, therefore the amount is not worth disputing in light of the defendant's lack of evidence to the contrary.

[2] Although the determination of the amount of loss has been somewhat ambiguous, the defendant agrees to the stated amount in the spirit of cooperation and willingness she has displayed since her acceptance of responsibility.

since the offense all militate towards a sentence which allows her to remain in the community. As a result, we submit that under the circumstances presented herein, justice is served by a sentence of probation.

In fashioning punishment, which is both justified and lenient, probation is temporally causal to the goals of gainful employment and stable life in the community. Therefore, when considering the ultimate Sentencing Guideline determinants of offense and offender characteristics, respectfully, we submit that a sentence of probation with a period of supervision is warranted.

As the court is aware, Title 18 Section 3553 (b) of the United States Code and Rules sets forth the factors to be considered in a posing a sentence. This section states that "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection. The court, in determining the particular sentence to be imposed shall consider:

(1) the nature and circumstances of the offense and the history of the defendant;

(2) the need for the sentence imposed

    (a)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (b)    to afford adequate deterrence to criminal conduct

    (c)    to protect the public from further crimes of the defendant; and

    (d)    to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the case of Ms. Gray, she has clearly recognized the seriousness of the offenses and has a new respect for the law. She has been punished by a number of factors since her initial confrontation with law enforcement. She suffered fear, humiliation and shame as a result of television and a newspaper reports in which her identity was publicized. There is adequate deterrence against further crimes in the imposition of a sentence of probation. Ms. Gray's participation in the pursuit of her high school diploma and in the VMT program insures that she is on the road to gainful employment and away from criminal conduct. Her cooperation with the government indicates on which side of the law Ms. Gray wants to be. We therefore submit that keeping Ms. Gray on a positive employment track and caring for her children serves the goals of the statute.

In conclusion, the Defendant submits that a combination of factors converge to demonstrate Ms. Gray's diminished probability of recidivism and support our contention that probation is the most reasonable sentence in this case.

Wherefore, it is respectfully requested that a sentence of probation be imposed.

Respectfully Submitted,

_____
Joanne Roney Hepworth
601 Pennsylvania Ave, NW
Suite 900
Washington, DC 20001
(202) 789-0037
Fax 301-320-3948

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was served electronically on all parties on this 4th day of May, 2007.

_____
Joanne R. Hepworth